## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CARLOS RUBIO CORRALES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-237-M** |
| | ) | |
| **BUREAU OF IMMIGRATION AND** | ) | |
| **CUSTOMS ENFORCEMENT,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

### REPORT AND RECOMMENDATION

Petitioner, appearing *pro se*, has filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus, challenging his continued detention by ICE. This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). On March 28, 2005, Respondent filed a motion to dismiss, urging that the petition be dismissed as moot. To date, Petitioner has failed to respond to the motion, and the matter is now at issue. For the reasons set forth below, it is recommended that the petition be dismissed as moot.

### Relevant Facts/ Case Background

At the time the petition was filed, on February 28, 2005, Petitioner was in custody of ICE and detained at FCI El Reno. Petitioner shows that he was ordered removed from the United States to Peru, with alternate order to Cuba on December 3, 1998. *See* Exhibit

---

[1]Petitioner has named the Immigration and Naturalization Service ("INS") as Respondent. However, effective March 1, 2003, the INS was abolished, and its functions were transferred to the United States Department of Homeland Security. *See* Homeland Security Act of 2002, Pub.L. No. 107-296 §§ 441, 451, 110 Stat. 2135, 2192, 2915-97 (2002). On that date, the Bureau of Immigration and Customs Enforcement ("ICE") was formed as a subordinate agency within the Department of Homeland Security and assumed the enforcement functions of the former INS. Thus, it is appropriate to substitute ICE for the former INS in these proceedings consistent with Fed. R. Civ. P. 25(d).

"B" to Memorandum of Law.  Petitioner alleges that there is no significant likelihood of his removal in the reasonably foreseeable future.  Relying on the United States Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001),[2] Petitioner claims that his continued detention is a violation of the statutory authority granted to ICE.  Petitioner further alleges that his detention violates his substantive and procedural due process rights under the Due Process Clause of  the United States Constitution.  He seeks immediate release from ICE custody.  Petitioner's Memorandum of Law at 5.

Respondent states that Petitioner was released from the ICE custody on March 10, 2005.  *See* Exhibit 1 to Motion.  As evidence of Petitioner's release, Respondent has attached a letter from Shawn Mandel, Supervisory Detention & Deportation Officer for ICE and an Order of Supervision signed by Nuria T. Prendes, Field Officer Director for ICE.  *See* Exhibits 1 and 2 to Motion.  These documents indicate that Petitioner has been released from ICE custody under an Order of Supervision to the state of Florida.  Moreover, Petitioner has not responded to dispute the alleged release.

## Analysis

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and

---

[2] In Zadvydas, the Supreme Court found that 8 U.S.C. § 1231(a)(6) does not authorize the INS to hold legally admitted, but removable, aliens in custody indefinitely.  Rather, *Zadvydas* held that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless the INS can show that there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 698-701.

appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

Petitioner challenges only his prolonged detention.  Because Petitioner has now been released, the relief he requests, release from ICE custody, is no longer available and cannot be redressed by a favorable judicial decision.  In addition, Petitioner does not allege that collateral consequences exist necessary to satisfy the injury-in-fact requirement of Article III.  Therefore, the petition should be dismissed as moot.  *See Sule v. Immigration & Naturalization Serv.*, No. 98-1090, 1999 WL 668716 (10th Cir. Aug. 27, 1999)[3] (petitioner's deportation to Nigeria rendered moot his § 2241 habeas petition challenging both the order of deportation and his INS detention).  *See also Soliman v. United States*, 296 F.3d 1237, 1242-43  (11th Cir. 2002) (*per curiam*) (dismissing as moot an appeal of a § 2241 petition seeking relief from a lengthy detention pending removal because alien had been returned to his native country); *Quinones-Molinar v. United States Immigration and Naturalization Serv.*, No. 01-7731, 2002 WL 347786 (4th Cir. Mar 6, 2002) (*per curiam*) (same) (unpublished disposition); *Liu v. Ashcroft*, No. CIV. 02-088-P-C, 2002 WL 1587129 (D. Me. July 19, 2002) (dismissing § 2241 petition as moot where evidence indicated petitioner had been repatriated to China); *Gauchier v. Davis*, No.

---

[3]This unpublished opinion is cited for its persuasive value in accordance with 10th Cir. R. 36.3.

CIV.A.01-3710, 2002 WL 975434, at *2 (E.D. La. May 9, 2002) (finding habeas petition moot where petition had been deported to Haiti); *Malainak v. INS*, No. 3-01-CV- 1989-P, 2002 WL 220061, at *2 (N.D. Tex. Feb. 11, 2002) (finding challenge to continued detention rendered moot by petitioner's deportation).

## RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that Defendant's motion be granted and the petition for writ of habeas corpus be dismissed as moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 10th day of May, 2005, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Petitioner is further advised that his failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 960 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 20th day of April, 2005.

_____

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE